NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL NEWMAN,                    :
                                        Civil Action No. 04-4067 (WHW)
            Petitioner,            :

            v.                     :    **OPINION**

JACK TERHUNE, et al.,              :

            Respondents.           :

**APPEARANCES:**

Petitioner pro se                  Counsel for Respondents
Michael Newman                     Cindi S. Collins
STU/NRU #000248                    Deputy Attorney General
P.O. Box #699                      Division of Law
Kearny, NJ 07032-0699              Hughes Justice Complex
                                   P.O. Box 112
                                   Trenton, NJ 08625

**WALLS**, District Judge

    Petitioner Michael Newman, currently confined at the Special

Treatment Unit at Kearny, New Jersey, has submitted a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  For

the reasons set forth below, the Petition must be dismissed

without prejudice.

_____

    [1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit
    judge, or a district court shall entertain an
    application for a writ of habeas corpus in behalf of a
    person in custody pursuant to the judgment of a State
    court only on the ground that he is in custody in
    violation of the Constitution or laws or treaties of
    the United States.

## I.   BACKGROUND

On May 13, 1993, in the Superior Court of New Jersey, Law Division – Criminal, for Ocean County, Petitioner pleaded guilty to two counts of aggravated sexual assault and two counts of endangering the welfare of a child.  On November 19, 1993, Petitioner was sentenced to an indeterminate sentence of fifteen years incarceration with a seven and one-half year mandatory minimum.

On June 21, 1993, in the Superior Court of New Jersey, Law Division – Criminal, for Burlington County, Petitioner pleaded guilty to one count of aggravated sexual assault.  Also on November 19, 1993, Petitioner was sentenced to a term of seven years incarceration.  The sentences imposed in Ocean County and Burlington County were to run concurrently.

As Petitioner was nearing the completion of his term of incarceration, the Attorney General of New Jersey petitioned in the Superior Court of New Jersey, Law Division, Middlesex County for the civil commitment of Petitioner pursuant to the New Jersey Sexually-Violent Predators Act, N.J.S.A. 30:4-27.24 et seq,.[2]

_____

[2] The New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 et seq., establishes an involuntary civil commitment procedure for a sexually violent predator, defined by the act as "a person who has been convicted, adjudicated delinquent or found not guilty by reason of insanity for commission of a sexually violent offense, or has been charged with a sexually violent offense but found to be incompetent to stand trial, and suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not

(Answer, Ex. 3.)   A temporary commitment order was issued by the Honourable Serena Peretti, Judge of the Superior Court of New Jersey, Law Division, Essex County, on June 14, 2002.  (Answer, Ex. 4.)  At a plenary hearing on September 9, 2002, the court found Petitioner to be a sexually-violent predator and committed him to the Special Treatment Unit for further custody, care, and treatment; the court scheduled a review hearing for September 3, 2003.  (Answer, Ex. 1.)

Petitioner appealed the September 9, 2002, judgment of conviction to the Superior Court of New Jersey, Appellate Division, alleging (1) that the state failed to prove by clear and convincing evidence that Petitioner suffered from a current mental abnormality predisposing him to commit future acts of sexual violence, (2) the state failed to show by clear and convincing evidence that Petitioner posed a high risk to re-offend because the risk assessment methods were improper, and (3) the court erred in relying on hearsay in reaching its decision. The Appellate Division affirmed.  (Answer, Ex. 7.)  Petitioner did not seek a petition for certification from the Supreme Court of New Jersey.

---

confined in a secure facility for control, care and treatment," N.J.S.A. 30:4-27.26.

Persons committed under the Sexually Violent Predator Act are "patients at a secure treatment facility, not inmates."  In re Commitments of M.G. and D.C., 751 A.2d 1101, 1105 (N.J.Super. App. Div. 2000).

At the review hearing on September 3, 2003, the court remanded Petitioner to the STU for further custody, care, and treatment and scheduled a review hearing for August 23, 2004. (Answer, Ex. 5.) Petitioner did not appeal the September 3, 2003, judgment of commitment.

Petitioner's next review hearing was rescheduled to October 7, 2004. Again, the trial court remanded Petitioner to the STU for further custody, care, and treatment and scheduled the next review hearing for September 21, 2005. (Answer, Ex. 6.) Petitioner did not appeal the October 7, 2004, judgment of commitment.

Petitioner filed this Petition asserting, <u>inter alia</u>, that the actions of the Respondents were arbitrary and capricious, and that the statutory criteria for civil commitment fails to provide adequate protection to the person subject thereto, all in violation of his right to due process under the Fourteenth Amendment to the U.S. Constitution. (Petition, ¶¶ 30, 31, 37.)

Notice has been given pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000). Respondents filed an answer on March 11, 2005, asserting that the Petition must be dismissed for failure to exhaust state remedies. Petitioner has not filed a reply in support of the Petition. Accordingly, this matter is now ripe for determination.

## II.   ANALYSIS

It is apparent that the Petition is unexhausted, and it must be dismissed.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been

considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).  A petitioner in custody pursuant to the judgment of a New Jersey court exhausts his federal claims by presenting them to the Superior Court of New Jersey, Law Division, to the Superior Court of New Jersey, Appellate Division, and in a Petition for Certification to the Supreme Court of New Jersey.

Exhaustion is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at

6

987.  In addition, the Court of Appeals for the Third Circuit has
stated that, "if a prisoner could establish that the activities
of the state authorities made the prisoner's resort to the state
procedures in effect unavailable, exhaustion would be excused."
Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied,
484 U.S. 946 (1987).

Here, in his direct appeal of the September 9, 2002,
commitment order, Petitioner failed to raise the constitutional
claims he asserts here.  It does not appear that he has ever
challenged in state court, on the federal constitutional grounds
asserted here, his commitment or the New Jersey Sexually Violent
Predator Act.  Moreover, the only state-court appeal he
initiated, he failed to exhaust fully, to the Supreme Court of
New Jersey.  Nor has Petitioner asserted any deficiency in the
state court system of review that would excuse his failure to
exhaust.  Accordingly, the Petition must be dismissed without
prejudice.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or
judge issues a certificate of appealability, an appeal may not be
taken from a final order in a proceeding under 28 U.S.C. § 2254.
A certificate of appealability may issue "only if the applicant
has made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is subject to dismissal for failure to exhaust. No certificate of appealability will issue.

### IV.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice. An appropriate order follows.

William H. Walls
United States District Judge

Dated: August 31, 2005

8